UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GOULAS,

        Plaintiff,

v.

PANAGIOTIS GOULAS, HONEY TREE
GRILLE OF PLYMOUTH, INC., a Michigan
corporation, and HONEY TREE OF LIVONIA,
INC., a Michigan Corporation,

        Defendants.
_____/

Case No. 08-cv-12712

HONORABLE SEAN F. COX
United States District Judge

## OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO STAY AND TO DISMISS

Plaintiff Thomas Goulas filed this trademark infringement, unfair competition, unjust enrichment, and Michigan Consumer Protection Act action on June 24, 2008. Defendants in this case include Plaintiff's nephew, Panagiotis Goulas, and two Michigan corporations he operates under the name "Honey Tree" (collectively, "the Defendants"). The matter is currently before the Court on Defendant's Motions to Stay Proceedings or, in the alternative, to Dismiss pursuant to Fed.R.Civ.P. 12(b)(7) for Failure to Join a Necessary Party [Document No. 12]. The parties have fully briefed the issues, and the Court declines to hold oral argument pursuant to L.R. 7.1(e)(2). For the reasons that follow, Defendant's Motions to Stay Proceedings and to Dismiss [Document No. 12] shall be **DENIED**.

### I.  BACKGROUND

1

Plaintiff Thomas Goulas contends that he has been operating restaurants under various iterations of the name "Honey Tree" since 1975. Plaintiff and his nephew, Defendant Goulas, were partners in a business venture known as AEK Foods, Inc., ("AEK"), though the two have since experienced a falling out. Since that time, Defendant Goulas has opened up several restaurants in the metro Detroit area bearing the "Honey Tree" name. Plaintiff is suing the Defendants for injuries caused by their infringement against his intellectual property rights.

Plaintiff Goulas applied for a registered trademark for his use of the "Honey Tree" mark on February 5, 2007, alleging he has been using the mark since approximately 1975. The United States Patent & Trademark Office ("USPTO") granted Plaintiff Goulas U.S. Reg. No. 3,316,537 ("the '537 Registration") in connection with this mark.

On July 24, 2008, one month after Plaintiff Goulas filed this lawsuit, the Defendants filed a petition to cancel the '537 Registration with the USPTO's Trademark Trial and Appeal Board ("TTAB"). Defendants allege AEK is the true owner of the trademark, and that paperwork Plaintiff Goulas filed in support of the '537 Registration naming himself as the rightful owner was knowingly fraudulent.

## II. STANDARD OF REVIEW

The decision whether to stay proceedings in this matter is entirely within the Court's discretion. This in keeping with the U.S. Supreme Court's holding in *Clinton v. Jones* that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control it's own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). A district court can, at its

discretion, stay an action pending the conclusion of an alternative administrative proceeding. *See, e.g., Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64, *citing Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 324 U.S. 180 (1952).

Rule 12(b)(7) of the Federal Rules of Civil Procedure requires this Court to dismiss Plaintiff's cause of action if Plaintiff fails "to join a party under Rule 19." Fed.R.Civ.P. 12(b)(7). Plaintiff must join AEK as a party to this lawsuit if:

> (A) in [AEK's] absence, the court cannot accord complete relief among existing parties; or
> (B) [AEK] claims an interest relating to the subject of the action and is so situated that disposing of the action in [AEK]'s absence may:
> (i) as a practical matter, impair or impede [AEK]'s ability to protect the interest; or
> (ii) leave [the Defendants] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1)(A)-(B).

### III. ANALYSIS

For the reasons that follow, this Court will **DENY** both Defendants' Motion to Stay and Defendants' Motion to Dismiss [Document No. 12].

**A. Defendants' Motion to Stay Proceedings**

The Court, in exercising its sound discretion after considering the briefs of both parties and being cognizant of the relevant case law, chooses not to stay this lawsuit pending the outcome of the Defendants' petition for TTAB to cancel the '537 Registration. The Court notes the wealth of judicial opinions on the subject which have come to differing decisions whether to grant a stay, and finds the circumstances of this

action to fall more in line with those cases in which a stay was not granted. *Compare, e.g., C-Cure Chem. Co., Inc. v. Secure Adhesives Corp.,* 571 F.Supp. 808 (W.D.N.Y.1983); *Driving Force, Inc. v. Manpower, Inc.*, 498 F.Supp. 21 (E.D.Penn.1980) (granting stay pending USPTO review), *with Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848 (2d Cir.1998); *Am. Bakeries v. Pan-O-Gold Baking Co.*, 650 F.Supp. 563 (D.Minn.1986) (denying stay pending USPTO review).

A 1986 case from the District of Minnesota presents similar factual circumstances and legal analysis in arriving at the same conclusion this Court reaches today. *See American Bakeries v. Pan-O-Gold Baking Co.*, 650 F.Supp. 563 (D.Minn.1986). *American Bakeries* concerned a dispute between two manufacturers of baked goods over similarities in brand names between their products. *Id*. at 564. In that case, while acknowledging the "expert and specialized knowledge," *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 64 (1956), of regulatory agencies, the district court denied the motion to stay. "Primary jurisdiction should not be invoked where the standards to be applied...are within the conventional competence of the courts and the judgment of a technically expert body is not likely to be helpful in the application of these standards." *American Bakeries* at 567 (internal citations omitted).

In this case, the Defendants ask the Court to stay proceedings while TTAB determines whether Plaintiff Goulas was untruthful in his application for the '537 Registration. Similar to the holding in *American Bakeries*, this Court finds the issues involved in this case "not unconventional - they involve questions routinely considered by trial courts." *American Bakeries* at 567. In this regard, contrary to the contention of the

Defendants, this case is distinguishable from *Gonnocci v. Three M Tool & Machine, Inc.*, 68 U.S.P.Q.2d 1755 (E.D.Mich. October 7, 2003). *Gonnocci* dealt with whether the plaintiffs in that case had adequately described the state of the prior art in their patent request, 68 U.S.P.Q.2d at 1756, a far more technical proceeding than the case at bar. For that reason this Court will **DENY** the Defendants' Motion to Stay Proceedings.

### B. Defendants' Motion to Dismiss

This Court finds that Defendants have not met their required burden to warrant dismissal of this lawsuit. Defendants' brief on this subject did not set forth specific reasons as to why AEK is a necessary party under Fed.R.Civ.P. 19(a)(1). Though the Defendants argue AEK is really the entity which has rights to the "Honey Tree" mark [Defendant's Br., Document No. 12, p.16], no supporting documentation has been proffered to that effect, and no affidavits supporting such a conclusion have been filed in conjunction with this motion. The Defendants have failed to persuade this Court that Plaintiff's failure to join AEK as a necessary party to the lawsuit should warrant dismissal of this action under Fed.R.Civ.P. 12(b)(7), and as such their Motion to Dismiss is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Stay Proceedings and

Motion to Dismiss [Document No. 12] are each **DENIED**.

    **IT IS SO ORDERED**.

                      S/Sean F. Cox
                      Sean F. Cox
                      United States District Judge

Dated: January 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2009, by electronic and/or ordinary mail.

                      S/Jennifer Hernandez
                      Case Manager