UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GOULAS,                            Case No. 08-cv-12712

        Plaintiff,                       HONORABLE SEAN F. COX
                                       United States District Judge
v.

PANAGIOTIS GOULAS, HONEY TREE
GRILLE OF PLYMOUTH, INC., a Michigan
corporation, and HONEY TREE OF LIVONIA,
INC., a Michigan Corporation,

        Defendants.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

Plaintiff Thomas Goulas filed this trademark infringement, unfair competition, unjust enrichment, and Michigan Consumer Protection Act action on June 24, 2008. Defendants in this case include Plaintiff's nephew, Panagiotis Goulas, and two Michigan corporations he operates under the name "Honey Tree." The matter is currently before the Court on Plaintiff's Motion to Disqualify Counsel [Docket No. 16]. The parties have fully briefed the issues, and the Court heard oral argument on November 20, 2008. For the reasons that follow, Plaintiff's Motion to Disqualify Counsel [Docket No. 16] shall be **DENIED**.

**I. BACKGROUND**

Plaintiff Thomas Goulas contends that he has been operating restaurants under various iterations of the name "Honey Tree" since 1975. Plaintiff and his nephew, Defendant Goulas,

1

were partners in a business venture known as AEK Foods, Inc., ("AEK"), though the two have since experienced a falling out.  Since that time, Defendant Goulas has opened up several restaurants in the metro Detroit area bearing the "Honey Tree" name.  Plaintiff is suing the Defendants for injuries caused by their infringement against his intellectual property rights.

The Defendants are represented by two attorneys from separate offices: Mr. Jeffrey Thennisch, a patent attorney, and Mr. Kim Thomas Capello, a corporate transactional attorney and litigator.  It is the representation by Capello of the Defendants to which Plaintiff objects, contending that Capello's prior representation of the parties relating to the former AEK venture should disqualify him.

Capello is alleged to have been involved in two issues "which specifically involved and affected Plaintiff's ownership, use and interest" in the "Honey Tree" mark: a dispute against a third party with respect to a restaurant in Howell, Michigan, and the negotiation of a purchase agreement for a restaurant in Las Vegas, Nevada.  (Plaintiff's Br., Document No. 16, p.1).  Defendant contends that these ventures have nothing to do with the current litigation, as the Howell situation involved a real estate leasing dispute, and the Las Vegas matter was simply the sale of a restaurant and assignment of the lease.  (Defendant's Br., Document No. 17, p.9).

The real contention between Plaintiff and Capello appears to stem from Capello's calling for a special meeting of the shareholders of AEK.  Capello, as corporate counsel for AEK, exercised Defendant Goulas's proxy to call a special meeting of the AEK shareholders.  Plaintiff was prevented from voting his shares of AEK at the meeting, at which AEK decided to contest the trademarks Plaintiff had applied for in the "Honey Tree" name.

Plaintiff has made similar arguments against Capello before the Michigan Attorney

Grievance Commission ("AGC"), whose primary duty is monitoring the conduct of Michigan attorneys in accordance with the Michigan Rules of Professional Conduct. Plaintiff filed a request for investigation with the AGC, which alleged misconduct on Capello's part for representing the Defendants in this lawsuit. The AGC found the current litigation not a "similar transaction or occurrence" as the Las Vagas and Howell matters, and closed their investigation. (*See* June 26, 2008 AGC Letter to Plaintiff Goulas, Document No. 17, Ex. A).

## II. STANDARD OF REVIEW

"[T]he Rules of Professional Conduct adopted by the Michigan Supreme Court...apply to members of the bar of this court and attorneys who practice in this court..." E.D.Mich. Local Rule 83.22. Plaintiff's Motion is based upon Michigan Rule of Professional Conduct (MRPC) 1.9, which provides, in pertinent part:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the *same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

MRPC 1.9(a) (emphasis added). The Comment to MRPC 1.9 provides that "[t]he underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as changing sides in the matter in question."

## III. ANALYSIS

A party's right to have counsel of their choice is a fundamental tenet of American jurisprudence, and therefore a court may not lightly deprive a party of its chosen counsel. *Melea*

3

*Limited v. Steelcase, Inc.*, 2003 WL 21816814, *2 (E.D.Mich.2003). Plaintiff has failed to show that Capello's current representation of AEK is substantially related to the Las Vegas and Howell matters as required by MRPC 1.9(a), and for that reason Plaintiff's Motion to Disqualify Counsel [Document No. 16] is **DENIED**.

In the instant case, Plaintiff Goulas fails to make the required showing of a "substantial relation" between the current litigation and Attorney Capello's prior representation of AEK. The Howell matter dealt with a real estate dispute AEK had with a tenant on their property, and the Las Vegas matter was an asset sale by AEK of their business there and assignment of the real estate lease. Judge Duggan succinctly paraphrased the comment to MRPC 1.9 in *Melea Limited* stating that "the underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as changing sides in the matter in question." *Melea Limited* at *13. This is clearly not the situation in this case. Though both other matters pertained to restaurants using the "Honey Tree" name, Plaintiff Goulas has failed to show a "substantial relationship" between these prior representations and the current litigation. Indeed, as counsel for the defense pointed out at the November 20, 2008 hearing, Plaintiff Goulas secured outside counsel for his application to the USPTO. Attorney Capello's prior representations of AEK do not preclude him from serving as their counsel in this matter.

Further, Michigan's Attorney Grievance Commision previously investigated this matter and came to the exact same conclusion this Court arrives at today. The AGC agreed that Attorney Capello's prior representation of AEK does not cause a conflict of interest under MRPC 1.9. While the AGC's acceptance of Attorney Capello's actions does not bind this Court to a similar ruling, their opinion carries considerable weight.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Disqualify Counsel [Docket No. 16] is  **DENIED**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager
